**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IVELISSE BISCHOFF,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.   22-16022

D.C. No. 2:21-cv-01707-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Nancy J. Koppe, Magistrate Judge, Presiding

Submitted August 16, 2023**
San Francisco, California

Before: CALLAHAN, BADE, and BRESS, Circuit Judges.

    Ivelisse Bischoff appeals from a district court decision affirming the

Commissioner of Social Security's denial of her application for Social Security

disability benefits and supplemental security income. We have jurisdiction under

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Because Bischoff filed her benefits claim after March 27, 2017, the ALJ was required to evaluate her medical opinion evidence under 20 C.F.R. § 404.1520c. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Under these rules, "'[t]he most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Id*. at 791 (quoting 20 C.F.R. § 404.1520c(a)). "[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id*. at 787.

1. Bischoff's argument that, in determining her residual functional capacity ("RFC"), the ALJ failed to provide sufficient reasons for rejecting Dr. Short's opinion that she "probably" could "not consistently carry out complex and detailed tasks without special supervision," is unpersuasive. The ALJ evaluated Dr. Short's medical opinion using the factors set forth in 20 C.F.R. § 404.1520c(b)–(c), and properly considered the use of the word "probably," which suggested equivocation in the opinion. *See Tommassetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that "the ALJ is the final arbiter with respect to resolving ambiguities").

As the ALJ had earlier noted in his decision, Bischoff had, among other things, displayed normal and linear thinking and normal behavior, such that she "would be able to understand, carry out, and remember work instructions and use judgment to

make work related decisions." This is substantial evidence in support of the ALJ's assessment of Dr. Short's opinion. *See Farlow v. Kijakazi*, 53 F.4th 485, 487–88 (9th Cir. 2022). Additionally, the ALJ relied on the opinions of medical professionals and did not impermissibly make his own medical findings. *See id.* at 488 (explaining that ALJs are "capable of independently reviewing and forming conclusions about medical evidence").

2. Bischoff contends that the RFC did not account for Dr. Short's opinion that she had "poor judgment." Dr. Short observed that Bischoff exhibited poor judgment during the mental status examination, and he relied on that observation to support his functional assessment. The ALJ acknowledged evidence indicating that Bischoff had "poor judgment," but also observed that "[h]er judgment was at times noted to be normal." Ultimately, the ALJ concluded that Bischoff could "use judgment to make work related decisions." The ALJ thus considered Bischoff's ability to exercise judgment, and his finding on this point is supported in the record.

3. Finally, even if the ALJ erred in failing to provide a more detailed explanation about the "supportability" and "consistency" of any of the medical opinions, any error was harmless. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("We may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless . . . ."). In response to the ALJ's hypothetical questions, the vocational expert identified several occupations that an individual with the

limitations the ALJ described could perform. These occupations included "[h]ousekeeping cleaner," and the ALJ relied on this testimony in finding Bischoff not disabled. Bischoff agrees that this position requires only a reasoning level of 1, which involves the ability to "carry out simple one-or two- step instructions." Dictionary of Occupational Titles, Appendix C, 1991 WL 688702; *see also id. at* 323.687-014, 1991 WL 672783. Thus, any omission of Dr. Short's restriction against "complex and detailed tasks without special supervision" from the RFC and the hypothetical question posed to the vocational expert had no impact on the non-disability determination.

**AFFIRMED.**